959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John E. HANSON, Defendant-Appellant.
 No. 90-10380.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John E. Hanson appeals from his sentence, imposed following conviction at jury trial, for fraudulent receipt and concealment of debtor assets, false entry relating to debtor assets, and aiding and abetting in violation of 18 U.S.C. §§ 2 and 152, and conspiracy to commit bankruptcy fraud in violation of 18 U.S.C. § 371. Hanson contends that the district court impermissibly infringed on his sixth amendment right to a jury trial by sentencing him to a period of incarceration while his codefendant, who pleaded guilty, received a sentence of probation. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A pre-guidelines sentence within statutory limits "is generally not reviewable unless there are constitutional concerns." United States v. Citro, 842 F.2d 1149, 1153 (9th Cir.), cert. denied, 488 U.S. 866 (1988). A disparity between the sentences of a defendant who stood trial and a codefendant who pled guilty can imply that the first defendant was penalized for exercising his constitutional right to trial, unless the reasons for the disparity appear in the record. See id. Codefendants convicted of unequal numbers of counts may properly receive different sentences. See United States v. Monroe, 943 F.2d 1007, 1017 (9th Cir.1991), cert. denied, 60 U.S.L.W. 3544 (U.S. Apr. 6, 1992) (No. 91-1186).
 
 
 4
 Here, the district judge specifically found that Hanson and his codefendant Day were "equally culpable" in the offense conduct. Day pleaded guilty to four counts and received a sentence of five years probation and 400 hours community service. Hanson was convicted at jury trial of twelve counts and received concurrent terms of four months incarceration followed by five years probation. The district court expressly stated that it was not penalizing Hanson for exercising his right to trial, and rejected the government's recommendation of a longer sentence as inappropriate in light of the fact that Day received probation. It stated on the record that Day received a sentence of probation because of his cooperation and assistance to the government. The district court considered Hanson's presentence report, his background, and a letter Hanson had written to the court, and stated that it could not justify straight probation for him in light of the magnitude of the fraud and the length and degree of Hanson's involvement.
 
 
 5
 These reasons adequately support Hanson's sentence of four months incarceration. In addition, Hanson was convicted of twelve counts while Day was convicted of only four counts. Consequently, the fact that Day's sentence was less severe does not implicate Hanson's constitutional right to stand trial. See Monroe, 943 F.2d at 1017; Citro, 842 F.2d at 1153-54.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3